## Wells, et al. v. Wells.

(Decided May 25, 1911.)

### Appeal from Ohio Circuit Court.

Divorce and Alimony—Granting Divorce—Interest of Children Considered—In granting a divorce the court must look to the interest of the children no less than to that of the husband and wife. Held in this case that the wife and children will be allowed to hold the farm and the personal property thereon until the youngest child is 18 years of age, and the property will then, if both are living, all be sold and the proceeds divided equally between the husband and wife, the property being indivisible and is all necessary to keep the family together.

WILLIS & MEREDITH and C. B. LIKENS for appellants.

HEAVRIN & WOODWARD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

James Wells and Mariamne Wells were married in the year 1886. On March 12, 1908, an inquest was held upon James Wells in which it was adjudged that he was a person of unsound mind and a lunatic; that the unsoundness of mind had existed for about three years, and that he was not capable of laboring either in whole or in part for his support. He was committed to the asylum at Hopkinsville, where he remained about a year. Shortly after he left the asylum, in July, 1909, he brought

this suit against his wife for divorce charging that she had abandoned him and refused to live with him since March, 1908. They had five children: James Owen, twenty-two years old; Clara, twenty years old; Billy, eighteen; John, fourteen, and Annabelle, eleven. He had a farm worth about $2,500, and personal property worth five or six hundred dollars, which was in the possession of his wife and children, his wife having refused to allow him to live with them after his return from the asylum. She filed an answer which she made a counterclaim against him in which she alleged that he had habitually behaved toward her in such a cruel and inhuman manner as to indicate a settled aversion to her, and to destroy permanently her peace and happiness; that he had repeatedly struck her, cursed her and slandered her, and circulated vile reports about her which he knew to be untrue. Pending the action and on February 24th, 1910, a committee was appointed for him by the Ohio County Court in which he had been adjudged of unsound mind in 1908. He was then living in Muhlenberg County with his brother, and he had an inquest held in Muhlenberg County by which it was determined that he was a person of sound mind. The case being submitted to the court on the pleadings and proof, it was adjudged that Mariamne Wells be divorced from the bed and board of James Wells and given the custody of their infant children; that she and the infant children be allowed the free and joint use of the property they held above referred to, except that the committee appointed by the county court for him, was given one young horse about one year old, and he was enjoined from interfering with their possession of the property in any way, as it appeared to the court that he was unbalanced mentally, and it would be dangerous to permit a joint occupancy of the premises. It was further ordered that he pay her the sum of $15 a month for the support of herself and children subject to the further orders of the court, and that the defendant be enjoined from selling any of the property referred to without the consent of the commissioner of the court. The court offered to modify the judgment if the plaintiff's property or earnings were shown to be insufficient for his proper and comfortable maintenance and support, but no showing being made, he allowed it to stand. The plaintiff appeals.

We deem it unnecessary to go into the proof as to the trouble between the husband and wife. We are satisfied from it all that the husband's unsoundness of mind is the cause of the trouble between them. The wife and children have all his property except one horse which he is shown to have taken away from the place, and about $175 which he had in bank when he was declared insane. He is fifty-six years old. In view of all the circumstances, the court erred in requiring him to pay his wife $15 a month for the support of herself and the children. The family should be kept together; the infant children should be reared. The court must look to the interest of the children no less than to the interest of the husband and wife. The property the husband had accumulated up to the time he was declared of unsound mind, was accumulated by the joint exertions of the husband and wife and their children. She appears to have received from her father's estate $150, which went in with what her husband had. It is not shown that the husband is unable to take care of himself in the present condition of his mind, and from the record we infer that he is now able to do so. The colt which was adjudged to Moseley, as committee, should have been adjudged to him, so that he may use it and get the benefit of it. The property is indivisible and is all necessary to keep the family together. The wife and children will be allowed to hold the farm and the personal property they now have in possession until the youngest child is eighteen years of age. The property will then, if both of them are living, all be sold and the proceeds will be divided equally between husband and wife. In the meantime the wife will be required to commit no waste, and to keep the property in reasonable repair. In view of the fact that what they have was made by their joint exertions; that her patrimony went into it, and that the burden of taking care of the infant children has rested and will rest on her, we conclude that the proceeds should be equally divided between her and her husband when the sale is had as above directed. If the youngest child should die, or should marry before she is eighteen years of age, the sale will then be ordered. Each party will pay his own cost in this court and in the circuit court.

Judgment reversed and cause remanded for a judgment and further proceedings consistent herewith.